E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
FARAZ R. MOHAMMADI (Cal. Bar No. 294497)
Assistant United States Attorney
Santa Ana Branch Office
    United States Courthouse
    411 West Fourth Street, Suite 8000
    Santa Ana, California 92701
    Telephone: (714) 338-3599
    Facsimile: (714) 338-3561
    E-mail:    faraz.mohammadi@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**F I L E D**
CLERK, U.S. DISTRICT COURT
**04/05/2024**
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ DVE _____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

        v.

ALAN OMAR MARTINEZ,

    Defendant.

No. SA CR 22-53(A)-AB

PLEA AGREEMENT FOR DEFENDANT
ALAN OMAR MARTINEZ

    1.    This constitutes the plea agreement between Alan Omar
Martinez ("defendant") and the United States Attorney's Office for
the Central District of California (the "USAO") in the above-
captioned case.  This agreement is limited to the USAO and cannot
bind any other federal, state, local, or foreign prosecuting,
enforcement, administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

    2.    Defendant agrees to:

        a.    Participate in the Conviction And Sentence Alternative
("CASA") program, pursuant to the terms set forth in the CASA Program
Contract attached as Exhibit A.

b.   Give up the right to indictment by a grand jury and, at the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to the single-count First Superseding Information in the form attached to this agreement as Exhibit B or a substantially similar form, which charges defendant with Distribution of Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C).

c.   Not contest facts agreed to in this agreement.

d.   Abide by all agreements regarding sentencing contained in this agreement.

e.   Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

f.   Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

g.   Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

h.   Pay the applicable special assessment at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

<u>THE USAO'S OBLIGATIONS</u>

3.   The USAO agrees to:

a.   Consent to defendant's participation in the CASA program, pursuant to the terms set forth in the CASA Program Contract attached as Exhibit A.

b.   Not contest facts agreed to in this agreement.

c.   If defendant successfully completes the CASA program: (i) join in a motion to permit defendant to withdraw the guilty plea entered by defendant pursuant to this agreement, and (ii) move to dismiss as against defendant the count to which defendant entered a guilty plea pursuant to this agreement.

d.   If defendant does not successfully complete the CASA program: (i) abide by all agreements regarding sentencing contained in this agreement; (ii) at the time of sentencing, move to dismiss the Indictment as against defendant; defendant agrees, however, that at the time of sentencing the Court may consider any dismissed charges in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed; and (iii) at the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

<u>NATURE OF THE OFFENSE</u>

4.   Defendant understands that for defendant to be guilty of the crime charged in the First Superseding Information, that is, Distribution of Methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C), the following must be true: (1) defendant knowingly distributed methamphetamine; and (2) defendant knew that it was methamphetamine or some other prohibited drug.

PENALTIES

5.   Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C), is: 20 years' imprisonment; a lifetime period of supervised release; a fine of $1,000,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

6.   Defendant understands that for a violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C), the Court must impose a term of supervised release of at least three years in addition to any term of imprisonment.

7.   Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release.

8.   Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition.  Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a

1    professional license.  Defendant understands that unanticipated

2    collateral consequences will not serve as grounds to withdraw

3    defendant's guilty plea.

4         9.   Defendant understands that under 21 U.S.C. § 862a,

5    defendant will not be eligible for assistance under state programs

6    funded under the Social Security Act or Federal Food Stamp Act or for

7    federal food stamp program benefits, and that any such benefits or

8    assistance received by defendant's family members will be reduced to

9    reflect defendant's ineligibility.

10        10.  Defendant and his counsel have discussed the fact that, and

11   defendant understands that, if defendant is not a United States

12   citizen, the conviction in this case makes it practically inevitable

13   and a virtual certainty that defendant will be removed or deported

14   from the United States.  Defendant may also be denied United States

15   citizenship and admission to the United States in the future.

16   Defendant understands that while there may be arguments that

17   defendant can raise in immigration proceedings to avoid or delay

18   removal, removal is presumptively mandatory and a virtual certainty

19   in this case.  Defendant further understands that removal and

20   immigration consequences are the subject of a separate proceeding and

21   that no one, including his attorney or the Court, can predict to an

22   absolute certainty the effect of his conviction on his immigration

23   status.  Defendant nevertheless affirms that he wants to plead guilty

24   regardless of any immigration consequences that his plea may entail,

25   even if the consequence is automatic removal from the United States.

26                              FACTUAL BASIS

27        11.  Defendant admits that defendant is, in fact, guilty of the

28   offense to which defendant is agreeing to plead guilty.  Defendant

and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 13 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

On November 9, 2021, in Orange County, within the Central District of California, defendant knowingly and intentionally distributed approximately 216 grams of actual methamphetamine to an undercover officer, who defendant believed to be a drug purchaser.

On April 26, 2022, in Orange County, defendant knowingly and intentionally possessed approximately 218 grams of actual methamphetamine that he intended to distribute to an individual he believed to be a drug purchaser, but who was actually an undercover officer.

SENTENCING FACTORS

12.  Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds

appropriate up to the maximum set by statute for the crime of conviction.

13. Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

Base Offense Level:        32    [U.S.S.G. §§ 2D1.1(a)(5),(c)(4)]

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate. Defendant understands that defendant's offense level could be increased if defendant is a career offender under U.S.S.G. §§ 4B1.1 and 4B1.2.  If defendant's offense level is so altered, defendant and the USAO will not be bound by the agreement to Sentencing Guideline factors set forth above.

14. Defendant and the USAO agree that:

a.   Defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense charged in the First Superseding Information;

b.   The offense charged in the First Superseding Information did not result in death or serious bodily injury to any person; and

c.   Defendant was not an organizer, leader, manager, or supervisor of others in the offense charged in the First Superseding Information and was not engaged in a continuing criminal enterprise.

15. Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

16. Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing

1  Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1),

2  (a)(2), (a)(3), (a)(6), and (a)(7).

3                    WAIVER OF CONSTITUTIONAL RIGHTS

4      17.  Defendant understands that by pleading guilty, defendant

5  gives up the following rights:

6           a.   The right to persist in a plea of not guilty.

7           b.   The right to a speedy and public trial by jury.

8           c.   The right to be represented by counsel -- and if

9  necessary have the Court appoint counsel -- at trial.  Defendant

10 understands, however, that, defendant retains the right to be

11 represented by counsel -- and if necessary have the Court appoint

12 counsel -- at every other stage of the proceeding.

13          d.   The right to be presumed innocent and to have the

14 burden of proof placed on the government to prove defendant guilty

15 beyond a reasonable doubt.

16          e.   The right to confront and cross-examine witnesses

17 against defendant.

18          f.   The right to testify and to present evidence in

19 opposition to the charges, including the right to compel the

20 attendance of witnesses to testify.

21          g.   The right not to be compelled to testify, and, if

22 defendant chose not to testify or present evidence, to have that

23 choice not be used against defendant.

24          h.   Any and all rights to pursue any affirmative defenses,

25 Fourth Amendment or Fifth Amendment claims, and other pretrial

26 motions that have been filed or could be filed.

27

28

1

<u>WAIVER OF APPEAL OF CONVICTION</u>

2      18.   Defendant understands that, with the exception of an appeal

3 based on a claim that defendant's guilty plea was involuntary, by

4 pleading guilty defendant is waiving and giving up any right to

5 appeal defendant's conviction on the offense to which defendant is

6 pleading guilty.  Defendant understands that this waiver includes,

7 but is not limited to, arguments that the statutes to which defendant

8 is pleading guilty are unconstitutional, and any and all claims that

9 the statement of facts provided herein is insufficient to support

10 defendant's plea of guilty.

11     <u>LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE</u>

12     19.   Defendant agrees that, provided the Court imposes a total

13 term of imprisonment on the count of conviction no greater than the

14 high end of the range corresponding to an offense level of 29 and the

15 criminal history category calculated by the Court, defendant gives up

16 the right to appeal all of the following: (a) the procedures and

17 calculations used to determine and impose any portion of the

18 sentence; (b) the term of imprisonment imposed by the Court; (c) the

19 fine imposed by the Court, provided it is within the statutory

20 maximum; (d) to the extent permitted by law, the constitutionality or

21 legality of defendant's sentence, provided it is within the statutory

22 maximum; (e) the term of probation or supervised release imposed by

23 the Court, provided it is within the statutory maximum; and (f) any

24 of the following conditions of probation or supervised release

25 imposed by the Court: the conditions set forth in Second Amended

26 General Order 20-04 of this Court; the drug testing conditions

27 mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and

28 drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

20.   The USAO agrees that, provided (a) all portions of the sentence are at or below the statutory maximum specified above, and (b) the Court imposes a term of imprisonment within or above the range corresponding to an offense level of 29 and the criminal history category calculated by the Court, the USAO gives up its right to appeal any portion of the sentence.

RESULT OF WITHDRAWAL OF GUILTY PLEA

21.   Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

EFFECTIVE DATE OF AGREEMENT

22.   This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

1

## BREACH OF AGREEMENT

2      23.  Defendant agrees that if defendant, at any time after the

3  signature of this agreement and execution of all required

4  certifications by defendant, defendant's counsel, and an Assistant

5  United States Attorney, knowingly violates or fails to perform any of

6  defendant's obligations under this agreement ("a breach"), the USAO

7  may declare this agreement breached.  All of defendant's obligations

8  are material, a single breach of this agreement is sufficient for the

9  USAO to declare a breach, and defendant shall not be deemed to have

10  cured a breach without the express agreement of the USAO in writing.

11  If the USAO declares this agreement breached, and the Court finds

12  such a breach to have occurred, then: (a) if defendant has previously

13  entered a guilty plea pursuant to this agreement, defendant will not

14  be able to withdraw the guilty plea, and (b) the USAO will be

15  relieved of all its obligations under this agreement.

16      24.  Following the Court's finding of a knowing breach of this

17  agreement by defendant, should the USAO choose to pursue any charge

18  that was either dismissed or not filed as a result of this agreement,

19  then:

20          a.  Defendant agrees that any applicable statute of

21  limitations is tolled between the date of defendant's signing of this

22  agreement and the filing commencing any such action.

23          b.  Defendant waives and gives up all defenses based on

24  the statute of limitations, any claim of pre-indictment delay, or any

25  speedy trial claim with respect to any such action, except to the

26  extent that such defenses existed as of the date of defendant's

27  signing this agreement.

28

c.   Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

## COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES

25.  Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

26.  Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 13 are consistent with the facts of this case.  While this paragraph permits

both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

27. Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement. Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be at or below the statutory maximum.

<u>NO ADDITIONAL AGREEMENTS</u>

28. Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

//

//

//

1          <u>PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING</u>

2      29.   The parties agree that this agreement will be considered

3 part of the record of defendant's guilty plea hearing as if the

4 entire agreement had been read into the record of the proceeding.

5 AGREED AND ACCEPTED

6 UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF

7 CALIFORNIA

8 E. MARTIN ESTRADA
United States Attorney

9

10 _____     <u>04/02/2024</u>
FARAZ R. MOHAMMADI           Date

11 Assistant United States Attorney

12 _____     <u>4/2/24</u>
ALAN OMAR MARTINEZ           Date

13 Defendant

14 _____     <u>4/2/24</u>
MARRI DERBY                Date

15 Attorney for Defendant
ALAN OMAR MARTINEZ

16

17               <u>CERTIFICATION OF DEFENDANT</u>

18     I have read this agreement in its entirety.  I have had enough

19 time to review and consider this agreement, and I have carefully and

20 thoroughly discussed every part of it with my attorney.  I understand

21 the terms of this agreement, and I voluntarily agree to those terms.

22 I have discussed the evidence with my attorney, and my attorney has

23 advised me of my rights, of possible pretrial motions that might be

24 filed, of possible defenses that might be asserted either prior to or

25 at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a),

26 of relevant Sentencing Guidelines provisions, and of the consequences

27 of entering into this agreement.  No promises, inducements, or

28 representations of any kind have been made to me other than those

1  contained in this agreement.  No one has threatened or forced me in

2  any way to enter into this agreement.  I am satisfied with the

3  representation of my attorney in this matter, and I am pleading

4  guilty because I am guilty of the charges and wish to take advantage

5  of the promises set forth in this agreement, and not for any other

6  reason.

7

8  ALAN OMAR MARTINEZ                          Date  4-2-24

   Defendant

9

10              CERTIFICATION OF DEFENDANT'S ATTORNEY

11      I am ALAN OMAR MARTINEZ's attorney.  I have carefully and

12  thoroughly discussed every part of this agreement with my client.

13  Further, I have fully advised my client of his rights, of possible

14  pretrial motions that might be filed, of possible defenses that might

15  be asserted either prior to or at trial, of the sentencing factors

16  set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines

17  provisions, and of the consequences of entering into this agreement.

18  To my knowledge: no promises, inducements, or representations of any

19  kind have been made to my client other than those contained in this

20  agreement; no one has threatened or forced my client in any way to

21  enter into this agreement; my client's decision to enter into this

22  agreement is an informed and voluntary one; and the factual basis set

23  forth in this agreement is sufficient to support my client's entry of

24  a guilty plea pursuant to this agreement.

25

26  MARRI DERBY                                 Date  4/2/24

    Attorney for Defendant

27  ALAN OMAR MARTINEZ

28

                              15

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

CONTRACT FOR PARTICIPATION
CONVICTION AND SENTENCE ALTERNATIVES ("CASA") PROGRAM
POST-GUILTY PLEA DIVERSION

Name:     Alan Omar Martinez

Docket#:     SA CR 22-053-AB

Offense(s):     21 U.S.C. §§ 841(a)(1), (b)(1)(C)

**INTRODUCTION**

You have been invited to participate in the Conviction and Sentence Alternatives ("CASA") program of the Central District of California as part of post-guilty plea diversion.   Participation is entirely voluntary, but will require you to enter a guilty plea to the criminal charge currently pending against you in the case referenced above.   The Court will need to make a final determination whether to accept your guilty plea and plea agreement before you can begin participation in the CASA program. If the Court agrees to accept your guilty plea and plea agreement, in doing so approving your participation, and you thereafter successfully complete the CASA program, then, as specified in the plea agreement pursuant to which you enter your guilty plea, that guilty plea will be vacated and the criminal charge against you in the case referenced above will be dismissed with prejudice.

**CASA PROGRAM BASICS**

The CASA Program will last at least one year, with the possibility that it may be extended up to no more than two years.   Participants in the program will have their cases referred to the CASA Program Judicial Officer before whom they will enter guilty pleas pursuant to plea agreements with the United States Attorney's Office for the Central District of California ("USAO").   If the CASA Program Judicial Officer accepts a Participant's guilty pleas and plea agreement, it will constitute final approval for participation in the CASA program, which will include a period of supervision by a CASA Program Pretrial Services Officer ("CPPSO").   Participants agree to participate in a drug and alcohol evaluation and in any and all treatment and testing recommended.   In addition to the requirements of actively engaging in any treatment and testing that may be recommended for substance abuse issues, Participants are also required to participate in programs designed to address underlying causes of criminal activity and to comply with all conditions of post-guilty plea diversion that may be required by the plea agreements pursuant to which they entered their guilty plea(s) and by the CPPSO.

You will be assigned an attorney from the Federal Public Defender's Office ("DFPD") who is assigned to the CASA program.   An Assistant United States Attorney ("AUSA") will also be assigned to the CASA program.   Both the DFPD and AUSA will work with the CPPSO to provide additional support and encouragement for your success in the CASA program.

**CASA PROGRAM APPEARANCES**

At least once per month, at a time to be determined, you will be required to appear before the CASA Program Judicial Officer to evaluate your progress.   Every effort will be made to ensure the time of the appearance does not conflict with your employment or treatment or other programming.   The CPPSO, DFPD, and AUSA will be present, as will treatment and/or other program providers.   Progress reports from the CPPSO will be provided to the Judicial Officer, the DFPD, and the AUSA.   These reports will describe both successes and problems you have experienced.   During the appearances to evaluate your progress, there will be no court reporter present, and court proceedings will not be transcribed.   By signing this contract, you waive your right to have a court reporter transcribe the court proceedings at these appearances.   A court reporter will be present to transcribe any contested violation hearing or any contested hearing to determine whether to terminate you from the CASA program.

**CASA PROGRAM TREATMENT AND COUNSELING PROGRAMS**

An important part of the CASA program will be your participation in substance abuse treatment and counseling programs and/or other programs addressing underlying causes of criminal activity as determined necessary by the CPPSO and the other members of the CASA Program Team.   Treatment and other program providers will be expected to share information regarding your participation and progress in any treatment and counseling programs with all of the members of the CASA Program Team, including the CASA Program Judicial Officer, CPPSO, DFPD, AUSA, and any research partner evaluating the CASA program.   Treatment and other program providers will also be present at CASA program appearances, at which they will be expected to discuss your participation and progress with all of the members of the CASA Program Team.   To enable treatment and other program providers to freely share information regarding your participation and progress in substance abuse treatment and counseling programs and other programs, you will be required to execute a waiver of confidentiality in the form attached as Exhibit A.

**LIMITED USE OF STATEMENTS MADE DURING PROGRAM APPEARANCES**

Another important part of the CASA program is your complete candor during your CASA program appearances.   To encourage your candor, the USAO has agreed as follows:

    (A)    Except as otherwise provided in subparagraph (B) below, in any criminal prosecution that may be brought against you by the USAO, the USAO will not offer in evidence in its case-in-chief any statements you make or any documents or other information you provide during your CASA program appearances ( collectively "CASA program statements").

    (B)    Notwithstanding the USAO's agreement set forth in subparagraph (A) above, the USAO may use (i) information derived directly or indirectly from CASA program statements for the purpose of obtaining and pursuing leads to other evidence, which evidence may be used for any purpose, including any criminal prosecution of you; and (ii) CASA program statements and all evidence obtained directly or indirectly from CASA program statements for the purpose of cross-examination should you testify, or to refute or

2

counter at any stage of any proceeding (including during the USAO's case-in-chief in any criminal prosecution) any evidence, argument, statement or representation offered by or on your behalf in connection with that proceeding.

The USAO's agreement in subparagraph (A) above is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.   Moreover, the USAO's agreement in subparagraph (A) above is limited to CASA program statements and does not apply to any statements made or documents or other information provided by you at any other time, whether oral, written, or recorded.

## CASA PROGRAM SUPERVISION VIOLATIONS AND SANCTIONS

CASA program supervision violations and sanctions will ordinarily be handled on the regularly scheduled CASA program calendar.   The CASA Program Judicial Officer, however, can schedule an appearance at any time.   Sanctions and modifications regarding treatment and other programs may also be handled on an expedited basis with the consent of the parties and the CASA Program Judicial Officer.

If a progress report contains an allegation of noncompliance, you may choose to agree that the allegation is true and waive the traditional protections and procedures afforded to those on pre-trial supervision when they are accused of violating supervision.   If you do so, there will be no hearing on whether the allegation is true and the CASA Program Judicial Officer will decide whether a CASA program sanction is appropriate.   As noted above, noncompliance may be handled on an expedited basis outside the presence of the CASA Program Judicial Officer if all parties agree.

Noncompliant behavior by you, the Participant, will result in sanctions.   The range of possible sanctions has been drafted broadly to assure that some level of sanction is available for every type of violation.   Factors that will influence the type of sanction employed include the seriousness of the violation, the number of violations, and the amount of time you have remained compliant, either before a first violation, or between violations.   In addition, an important factor will be whether you voluntarily disclose the violation.   Dishonesty on your part will result in enhanced sanctions.   Depending on these factors, any of the sanctions listed below -- including termination from the CASA program -- is available.   As a general rule, where there are repeat violations, more serious sanctions will be applied.   Sanctions may include, but are not limited to:

- Judicial reprimand delivered during CASA program proceedings in front of other CASA program Participants
- Order to attend and observe pre-determined CASA program proceedings

3

- Order to submit written assignment (for example, write out an explanation for your non-compliant behavior and describe a plan to correct it or write out a list of the special conditions of your post-guilty plea diversion and explain how you violated those conditions and how you plan to avoid similar violations in the future)
- Curfew restriction for up to 30 days
- Increase in frequency of progress hearings before the CASA Program Judicial Officer
- Order to participate in community service as part of the CASA program
- Order to complete a term of home confinement (with conditions that may include alcohol monitors and standard location monitoring with GPS)
- Order to complete a term of up to 30 days at a residential reentry center
- Order to complete a term at a residential substance abuse treatment facility
- Order to spend up to 7 days in jail
- Termination from CASA program

If appropriate, sanctions may be ordered more than once during the course of the CASA program.

If you admit to the violation, you may be able to complete the sanction and remain in the CASA program.   When expedited action is appropriate and the parties agree, a sanction or adjustment in treatment can be imposed through a modification without an appearance before the CASA Program Judicial Officer.   The CPPSO's report at the next CASA program appearance will inform the CASA Program Judicial Officer whether you properly completed the sanction ordered at the last appearance.   Failure to complete ordered sanctions may result in added sanctions, or termination from the CASA program.

If you wish to contest the violation allegation, you may do so.   The only permissible contested hearing in the CASA program, however, is a claim of actual innocence of the alleged violation. If you wish to have a contested hearing, the DFPD will assist you in contesting the violation allegation.   The CASA Program Judicial Officer will ultimately decide whether the allegation is true.

It is important to note that the CPPSO need not wait until your scheduled program appearance to address problems in supervision.   If you fail to abide by directions of the CPPSO, or if the CPPSO believes that you have committed other violations of your supervision, the CPPSO will have discretion to contact you directly to address the violation; to arrive at a proposed method of addressing the violation through discussions with the CASA Program Judicial Officer, DFPD, and/or AUSA; or to request the issuance by the CASA Program Judicial Officer of a warrant for your arrest.

**TERMINATION FROM THE CASA PROGRAM**

You may be involuntarily terminated from the CASA program if you fail to participate in treatment or other programs or if you violate the terms of the CASA program or your post-guilty plea diversion -- including failure to make CASA program court appearances, failure to

participate actively in the CASA program, repeated drug use, or a new law violation.   Final decisions regarding involuntary termination will be made by the CASA Program Judicial Officer.   If you are involuntarily terminated from the CASA program, you will return to regular pretrial supervision and your case will be set for sentencing before the CASA Program Judicial Officer – in imposing sentence, the CASA Program Judicial Officer will not be bound to provide the benefits that your plea agreement would have required had you successfully completed the CASA program.

You may also at any time voluntarily discontinue your participation in the program and have your criminal case set for sentencing before the CASA Program Judicial Officer – again, however, in such an instance, the CASA Program Judicial Officer will not be bound to provide the benefits that your plea agreement would have required had you successfully completed the CASA program.

Whether your termination from the CASA program is voluntary or involuntary, the CASA Program Judicial Officer will be aware of, and can consider in imposing sentence, all conduct that has taken place during your participation in the CASA program, including successes, failures, and sanctions that occurred during your participation in the CASA program.

**GRADUATION AND BENEFITS**

Upon successful completion of the CASA program, as determined by the CASA Program Judicial Officer and the other members of the CASA Program Team subject to the minimum requirement that, if you are determined to have a substance abuse issue, you have demonstrated at least six months of continuous sobriety, you will receive the benefits specified in your plea agreement, which will include being permitted to withdraw your previously-entered guilty plea, with the criminal charge previously pending at the time of your guilty plea dismissed with prejudice.

///

///

///

///

///

///

///

///

5

**AGREEMENT TO PARTICIPATE**

Participant:

I,_____Alan Omar Martinez_____, have read, or someone has read to me in the language I best understand, this Contract and the plea agreement that would be a condition of my participation in the CASA program.   I have discussed this Contract and the plea agreement with my attorney and I understand its terms.   I have also discussed with my attorney the CASA program and I understand that program.   I voluntarily agree to participate in the CASA program subject to the terms set forth in this Contract and the plea agreement.   I understand I can revoke my voluntary participation in the CASA program at any time and that, if I do so, my criminal case will be set for sentencing before the CASA program judicial officer without any obligation to provide me the benefits set forth in the plea agreement for successful completion of the CASA program.


_____          _____
Signature                                                                    Date
Alan Omar Martinez

CASA Program Deputy Federal Public Defender:

I, _____Raul Ayala_____, the Deputy Federal Public Defender representing the Participant in connection with the CASA program, have discussed the CASA program, the plea agreement that would be a condition of participation in the CASA program, and this Contract with the Participant and the Participant's attorney in the underlying criminal matter.   I believe that the Participant understands the CASA program, the terms of the plea agreement that would be a condition of participation in the CASA program, and the terms of this Contract, and that the Participant's agreement to participate in the CASA program subject to the terms of this Contract and the plea agreement that would be a condition of participation in the CASA program is knowingly and voluntarily made.


_____          _____
Signature                                                                    Date
Raul Ayala

CASA Program Assistant United States Attorney:

I,____Faraz Mohammadi_____, the Assistant United States Attorney representing the United States Attorney's Office for the Central District of California (the "USAO") in the CASA program, agree to the terms of this Contract on behalf of the USAO and accept the above named Participant into the CASA program subject to the terms of this Contract and the plea agreement that would be a condition of the Participant's participation in the CASA program.


_____          _____
Signature                                                                    Date
Faraz Mohammadi

CASA Program Pretrial Services Officer:

I, _____Teddy Cha_____, the Pretrial Services Officer assigned to the CASA program, accept the above named Participant into the CASA program subject to the terms of this Contract and the plea agreement that would be a condition of the Participant's participation in the CASA program.


_____          _____
Signature                                                                    Date
Teddy Cha


CASA Program Judicial Officer:

Subject to the Court's acceptance of the Participant's guilty plea(s) and plea agreement, the Court hereby accepts the above named Participant into the CASA Program subject to the terms of this Contract and the plea agreement that would be a condition of the Participant's participation in the CASA program.


_____
Signature                                                                    Date
Honorable Fred W. Slaughter


7

**AUTHORIZATION TO RELEASE CONFIDENTIAL INFORMATION**
**CASA PROGRAM**
**SUBSTANCE ABUSE TREATMENT AND COUNSELING AND OTHER PROGRAMS**

I, _____Alan Omar Martinez_____, the undersigned, have voluntarily agreed to participate in the Central District of California's Conviction And Sentence Alternatives ("CASA") program.   As part of my participation in the CASA program, I hereby authorize any and all substance abuse treatment and counseling and other programs to which I may be referred as part of the CASA program to release confidential information in their records, possession, or knowledge, of whatever nature may now exist or come to exist, to the following participants in the CASA program: (a) the United States District Court for the Central District of California; (b) United States Pretrial Services for the Central District of California and any research partner working with Pretrial Services to evaluate the CASA program; (c) the Federal Public Defender's Office for the Central District of California; and (d) the United States Attorney's Office for the Central District of California (collectively, "the CASA Program Team").

The confidential information I hereby authorize to be released to the CASA Program Team will include, without limitation: date of entrance to program; attendance records; urine testing results; type, frequency, and effectiveness of therapy (including psychotherapy notes); general adjustment to program rules; type and dosage of medication; response to treatment; test results (psychological, vocational, etc.); date of and reason for withdrawal from program; and prognosis.

I understand that, subject to any exceptions to confidentiality that may apply under federal or state law, the CASA Program Team may use the confidential information hereby authorized to be released only in connection with their evaluation of my participation and progress in the CASA program and my compliance or non-compliance with the terms of my diversion, and their evaluation of the effectiveness of the CASA program as a whole.

I understand that this authorization will remain valid until my termination from the CASA program, whether successfully or unsuccessfully, at which time this authorization for disclosure of confidential information will expire.   I understand, however, that confidential information disclosed pursuant to this authorization may subsequently be used by the United States District Court for the Central District of California, United States Pretrial Services for the Central District of California, and/or the United States Probation Office for the Central District of California to initiate or support an action alleging a violation of the terms of my diversion and/or to prepare a Presentence Report, make a recommendation regarding sentencing, and determine the appropriate sentence, as a result of which the information may no longer be deemed confidential and may no longer be protected by federal or state law.

I understand that I have the right to revoke this authorization to release confidential information, in writing, at any time by sending written notification to the United States Pretrial Services Officer

CASA CONTRACT EXHIBIT A

assigned to supervise me in the CASA program.   I understand that if I revoke this authorization to release confidential information, I will thereby revoke my authorization for further disclosure of such information.   I also understand that if I revoke this authorization to release confidential information before I complete the CASA program, it may result in my termination from the CASA program and may be considered a violation of CASA program rules or of a condition of my diversion.

I have read this authorization to release confidential information, have discussed it with my attorney, understand its terms, and by signing below agree to it.


_____     _____
Signature                                                                          Date
Alan Omar Martinez


I am the attorney representing the individual signing this authorization to release confidential information in connection with the CASA program and have discussed the terms of this authorization with this individual.   I believe this individual understands the terms of this authorization and that this individual's agreement to sign this authorization is knowingly and voluntarily made.


_____     _____
Signature                                                                          Date
Raul Ayala


CASA CONTRACT EXHIBIT A

# EXHIBIT B

1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                 FOR THE CENTRAL DISTRICT OF CALIFORNIA

10                          SOUTHERN DIVISION

11   UNITED STATES OF AMERICA,          No. SA CR 22-53(A)-AB

12             Plaintiff,               F I R S T
                                        S U P E R S E D I N G
13             v.                       I N F O R M A T I O N

14   ALAN OMAR MARTINEZ,                [21 U.S.C. §§ 841(a)(1),
                                        (b)(1)(C): Distribution of
15             Defendant.               Methamphetamine]

16

17        The United States Attorney charges:

18                 [21 U.S.C. §§ 841(a)(1), (b)(1)(C)]

19        On or about November 9, 2021, in Orange County, within the

20   Central District of California, defendant ALAN OMAR MARTINEZ

21   //

22   //

23   //

24

25

26

27

28

1  knowingly and intentionally distributed methamphetamine, a Schedule

2  II controlled substance.

3

4                                         E. MARTIN ESTRADA
                                          United States Attorney
5

6

7                                         MACK E. JENKINS
                                          Assistant United States Attorney
8                                         Chief, Criminal Division

9                                         BENJAMIN R. BARRON
                                          Assistant United States Attorney
10                                        Chief, Santa Ana Branch Office

11                                        JENNIFER L. WAIER
                                          Assistant United States Attorney
12                                        Deputy Chief, Santa Ana Branch
                                          Office
13
                                          FARAZ R. MOHAMMADI
14                                        Assistant United States Attorney
                                          Santa Ana Branch Office
15

16

17

18

19

20

21

22

23

24

25

26

27

28